

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00316-CV

**IN THE INTEREST OF A.R.R.** and N.R.R., Children

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2014-PA-01141
Honorable Richard Garcia, Judge Presiding

Opinion by:   Sandee Bryan Marion, Chief Justice

Sitting:   Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  August 19, 2015

AFFIRMED

Brenda R. appeals the trial court's order terminating her parental rights to her two daughters, A.R.R. and N.R.R.  The sole issue presented on appeal is whether the evidence is sufficient to support the trial court's finding that termination was in the children's best interest. Holding the evidence is sufficient, we affirm the trial court's order.

### BACKGROUND

Brenda R. was arrested on October 15, 2013, for possession of 200-400 grams of methamphetamine.  The drugs were recovered from a safe in her home where she resided with A.R.R. and N.R.R.  On October 24, 2013, the Texas Department of Family and Protective Services received a referral for Brenda R.'s neglectful supervision of the children.  In addition to Brenda

R.'s arrest, the referral indicated Brenda R. was using drugs, and no food was in the family's home. On November 13, 2013, the children were placed with their paternal aunt.

On January 3, 2014, the case was referred to Family Based Safety Services ("FBSS"), and Brenda R. was referred to individual counseling, a drug and alcohol assessment, drug treatment, and random drug testing. On January 30, 2014, FBSS was notified that Brenda R. completed her drug assessment and was referred to Elite Counseling for drug treatment. Brenda R. did not show up for her initial appointment with Elite Counseling on February 4, 2014, but informed the FBSS worker the appointment was rescheduled to March 3, 2014.

On March 27, 2014, an FBSS worker made an unannounced home visit. Brenda R. informed the worker she did not show up for the rescheduled appointment because she did not have transportation. Brenda R. was provided with a contact number for transportation assistance. During this visit, Brenda R. admitted to recent use of methamphetamines.

On April 15, 2014, an FBSS worker made another unannounced home visit. Brenda R. informed the worker she had not rescheduled another appointment for drug treatment. Brenda R. submitted to a drug test and tested positive for methamphetamines.

On May 14, 2014, the Department filed its original petition for termination of Brenda R.'s parental rights, based on Brenda R.'s failure to participate in recommended services for a five-month period. Although the children were initially placed with their paternal aunt, the paternal aunt lived across the street from Brenda R.'s home, and the paternal aunt expressed concerns about the children continually going across the street to their home.

In August of 2014, the children were placed with their maternal aunt and uncle, Wanda and Jorge Coronado. After a final hearing in April of 2015, the trial court terminated Brenda R.'s parental rights. Brenda R. appeals.

## STANDARD OF REVIEW

To terminate parental rights pursuant to section 161.001 of the Family Code, the Department has the burden to prove: (1) one of the predicate grounds in subsection 161.001(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001(1), (2) (West 2014); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). The applicable burden of proof is the clear and convincing standard. TEX. FAM. CODE ANN. § 161.206(a) (West 2014); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2014).

In reviewing the legal sufficiency of the evidence to support the termination of parental rights, the court must "look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d at 266. "[A] reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *Id.* "A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *Id.*

In reviewing the factual sufficiency of the evidence to support the termination of parental rights, a court "must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing." *Id.* "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.*

## BEST INTEREST

Brenda R. contends the evidence is legally and factually insufficient to support a finding that termination of her parental rights was in the children's best interest. In reviewing the sufficiency of the evidence to support the best interest finding, we apply the factors set out in *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Those factors include: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody for the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id*.

In this case, both children were comfortable living with the Coronados, but neither wanted their mother's parental rights terminated or to be adopted by the Coronados. The reports from the child advocate volunteer, however, stated the children had an unrealistic expectation of their mother's return and being reunited with her.

As previously noted, the children were removed from Brenda R.'s care after she was arrested for possession of 200-400 grams of methamphetamines which she kept in the home. The Department did not file its petition seeking to terminate Brenda R's rights until she refused to engage in drug treatment for a period of five months. During this five month period, Brenda R. continued to use drugs. Brenda R. admitted she was selling the drugs for money to support her family after her husband died in June of 2013. Brenda R. only saw her children twice in court after the Department filed its petition because she was required to submit a clean urinalysis before any visits would be scheduled, and she refused to submit to drug testing. The caseworker testified

Brenda R. continued to use drugs until she was incarcerated for defaulting on her bond payments. *See In re D.M.*, 452 S.W.3d 462, 472 (Tex. App.—San Antonio 2014, no pet.) (noting factfinder can infer future conduct based on past conduct relating to same or similar situations). Brenda R. regularly called the Coronados after her incarceration; however, she was only permitted to speak with the children on one occasion.

Although Brenda R. completed most of her service plan by attending classes during her incarceration and had maintained steady employment in the past, Brenda R. was sentenced to five years' imprisonment on March 3, 2015. At the time of the final hearing, Brenda R. would not be eligible for parole for another two months, and she admitted there were no guarantees that parole would be granted. Brenda R. had applied for deferred adjudication seeking to avoid incarceration; however, her request was denied at her sentencing hearing. The children's guardian ad litem expressed concern that if Brenda R.'s parental rights were not terminated, she could seek custody of the children upon her release from prison, causing further disruption in their lives.

The Coronados have been married since 1996 and raised three children with whom they maintain strong family bonds. The Coronados strongly believe in education and in children having rules and boundaries. Although Mrs. Coronado did not support her sister's parental rights being terminated, the Coronados were willing to be named sole managing conservators even though they understood the children did not want to be adopted.

Having reviewed the record, we hold the evidence is sufficient to support the trial court's finding that termination was in the children's best interest.

## CONCLUSION

The trial court's order is affirmed.

Sandee Bryan Marion, Chief Justice